THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00056-MR
BANKRUPTCY CASE NO. 4:19-bk-40450

| | |
|---|---|
| IN RE: ) <br> ) <br> RONALD EDWARD FORBES, ) <br> ) <br> Debtor, ) <br> ) <br> _____ ) <br> ) <br> RONALD EDWARD FORBES, ) <br> ) <br> Appellant, ) <br> ) <br> vs. ) <br> ) <br> PROVIDENT FUNDING, et al., ) <br> ) <br> Appellees. ) <br> ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court *sua sponte*.

**I.    PROCEDURAL BACKGROUND**

The Appellant Ronald Edward Forbes ("Appellant") filed his Notice of Appeal from Bankruptcy Case No. 19-40450 on February 20, 2020. [Doc. 1]. On April 2, 2020, the Bankruptcy Clerk filed a Memorandum with this Court advising that the Appellant had failed to file a designation of the items

to be included in the record on appeal ("designation of record") and a statement of the issues on appeal ("statement of issues") within fourteen (14) days as required by Rule 8009(a)(1) of the Federal Rules of Bankruptcy Procedure. [Doc. 2]. On April 3, 2020, the Court entered an Order directing the Appellant to file a designation of record and a statement of issues within thirty (30) days and specifically warning the Appellant that "failure to file the required designation of record and statement of issues can warrant dismissal of this appeal." [Id. at 2].

## II. DISCUSSION

Rule 8009 of the Federal Rules of Bankruptcy Procedure provides that an appellant "must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." Fed. R. Bankr. P. 8009(a)(1)(A). The designation and statement must be filed within 14 days after the appellant files a notice of appeal. Fed. R. Bankr. P. 8009(a)(1)(B). Rule 8003 of the Federal Rules of Bankruptcy Procedure provides that "[a]n appellant's failure to take any step other than the timely filing of a notice of an appeal does not affect the validity of the appeal, but is ground only for the district court ... to act as it considers appropriate, including dismissing the appeal." Fed. R. Bank. P. 8003(a)(2). Therefore, failure to file the required

designation of record or statement of issues can warrant dismissal of a bankruptcy appeal. See In re Weiss, 111 F.3d 1159, 1173 (4th Cir. 1997).

Before dismissing an appeal pursuant to Rule 8003(a)(2), the Court must take at least one of the following steps:

> (1) make a finding of bad faith or negligence; (2) give the appellant notice and an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives.

In re SPR Corp., 45 F.3d 70, 72 (4th Cir. 1995) (quoting In re Serra Builders, Inc., 970 F.2d 1309, 1311 (4th Cir. 1992)) (footnote omitted). The Fourth Circuit has cautioned that "the sanction of dismissal for failure to comply with a non-jurisdictional, procedural guideline ... [is] a harsh sanction which a district court must not impose lightly." Serra Builders, 970 F.2d at 1311. "Nonetheless, it is clear from existing precedent that an appellant's failure to comply with procedural requirements may lead to dismissal of an appeal." Gallaher v. Largen, No. 7:16CV00560, 2017 WL 57884, at *1 (W.D. Va. Jan. 3, 2017).

Here, the Court provided the Appellant notice and an opportunity to remedy the failure to file a designation of record and statement of issues. The Appellant, however, has failed to do so. While the Court appreciates

3

the fact that the Appellant is not a lawyer, the requirements of filing a proper designation of record and statement of issues are not onerous. Moreover, such filings are essential to presenting the salient issues and facts to the Court for review.

As the Appellant has failed to file a designation of record and statement of issues as instructed, the Court concludes in the exercise of its discretion that this appeal must be dismissed.

**IT IS, THEREFORE, ORDERED** that this appeal is **DISMISSED**.

**IT IS SO ORDERED.**

Signed: May 12, 2020

Martin Reidinger
United States District Judge